UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILLIP McANELLY                          No. 2:10-cv-02754-MCE-GGH

    Plaintiff,

  v.                                      MEMORANDUM AND ORDER

PNC MORTGAGE, et al.,

    Defendants.

----oo0oo----

Plaintiff Phillip McAnelly ("Plaintiff") seeks redress from Defendants PNC Mortgage, National City Mortgage, Bank of America, and Cal-Western Reconveyance Corporation ("Defendants") based on alleged violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), among other state causes of action.

///
///
///

1

1  Presently before the Court are Defendant PNC Mortgage's Motion to
2  Dismiss Plaintiff's Complaint for failure to state a claim upon
3  which relief may be granted, pursuant to Federal Rule of Civil
4  Procedure 12(b)(6),[1] and Motion to Strike portions of Plaintiff's
5  Complaint.  For the reasons set forth below, Defendants' Motion
6  to Dismiss is granted and Motion to Strike is denied as moot.[2]

**BACKGROUND**[3]

10     Plaintiff purchased a home and financed it through a
11 mortgage loan obtained on or around September 1, 2006.  The loan
12 was obtained from Defendant National City Mortgage.  At some
13 point, Plaintiff attempted, and failed, to obtain a loan
14 modification. A Notice of Default was placed on the property in
15 April 2010.  In September 2010, Defendant Cal-Western
16 Reconveyance Corp. filed a Notice of Trustee Sale.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///
///
///
///

3

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

///
///
///
///

4

**ANALYSIS**

Plaintiffs allege violations of state and federal law and requests relief accordingly. However, the issue before the Court is not the substance of these various claims, but whether Plaintiff has plead enough facts on the federal claim as a general matter, for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

**A.  TILA Claim**

Plaintiff seeks to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., as well as declaratory and injunctive relief preventing Defendants from taking any action to foreclose on the property at issue. Defendants argue that Plaintiff's claim is time-barred because civil damages are subject to a one-year statute of limitations, and claims for rescission have a three-year statute of limitations.

For a plaintiff to collect civil damages from a defendant who failed to provide disclosures mandated by TILA, the statute of limitations requires plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e).

///

///

The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan.  See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms.  15 U.S.C. § 1635(f)(3).  If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed.  15 U.S.C. § 1635(f).

In the instant case, Plaintiff is time-barred from asserting civil damages under 15 U.S.C. § 1640, as the date of occurrence (the date of financing) was more than one year from the date the case was filed.  Any relief sought under 15 U.S.C. § 1635 similarly does not stand as the statute of limitations has expired.  Taking the facts in the light most favorable to Plaintiff, their TILA claim is time-barred and Defendants' Motion to Dismiss Plaintiff's TILA claim is granted.

**B.    RESPA Claim**

Plaintiff states that Defendants were in violation of RESPA by not notifying them, at the time of application, that the mortgage loan might be assigned or transferred at some point during the life of the loan.  See 12 U.S.C. § 2605(a).  However, the statute requires that a plaintiff bring an action against a mortgagor within three years of the violation.

6

1  Since Plaintiff's loan was approved and signed in 2006, he is
2  time-barred from bringing this cause of action against
3  Defendants.  Defendants' Motion to Dismiss is granted as to this
4  cause of action.

### C. FCRA Claim

Plaintiff argues that PNC Mortgage violated various sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq., by reporting negative information to credit reporting agencies that lowered his FICO scores.

The FCRA was enacted to ensure the accuracy and fairness of credit reporting.  15 U.S.C. § 1681(a).  Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit."  Id. § 1681(b).  FCRA § 1681s states that companies shall not furnish information about a consumer to a credit reporting agency if they have reason to know, or know, the information is false.  Id. § 1681s-2(a-b).  However, the FCRA additionally requires that a plaintiff plead violations of the statute within two years of the date of discovery, or within five years of the date "on which the violation that is the basis for such liability occurs."  Id. § 1681p.

///
///
///
///
///

Plaintiff states that Defendants refused to give him an opportunity to cooperate in resolving his debt. However, there are no facts present that indicate that Defendants alone furnished the information that negatively impacted Plaintiff's credit, or that any information they did submit was false, or that Defendants knew or believed was false at the time they submitted it.[4] In addition, the facts as pled neglect to provide the Court with sufficient information to determine whether the allegations comport with the FCRA's statutes of limitations. Therefore, Plaintiff has not provided sufficient information to hold PNC Mortgage liable under the FCRA, and Defendants' Motion to Dismiss this claim is granted.

**D.  Civil RICO Violations Claim**

To properly plead a RICO violation for civil damages, a plaintiff must show that defendants, through two or more acts constituting a pattern, participated in an activity affecting interstate commerce. Sanford v. MemberWorks, Inc., 625 F.3d 550, 2010 WL 4158602 at *3 (9th Cir. 2010). Simply put, there are not nearly enough facts included in the Complaint for the Court to determine whether Plaintiff is entitled to relief, and therefore Defendants' Motion to Dismiss as to this cause of action is granted.

///

///

---

[4] A myriad of factors can affect a credit rating, including, for example, repeatedly applying for a home loan modification.

### E. Plaintiff's Remaining Causes of Action

Plaintiff's federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state cause of action. The Court need not address the merits of the Motion to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

### CONCLUSION

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED with leave to amend. As such, Defendants' Motion to Strike (ECF No. 9) is DENIED as moot. Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: January 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE