UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP McANELLY, | No. 2:10-cv-02754-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| PNC MORTGAGE, a division of PNC BANK, N.A., NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK, BANK OF AMERICA, CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1-100, inclusive. | |
| Defendants. | |

----oo0oo----

Through this action, Plaintiff Phillip McAnelly ("Plaintiff") seeks redress from Defendants PNC Mortgage and National City Mortgage, Bank of America, and Cal-Western Reconveyance Corp. ("Defendants") based on alleged violations of the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, and civil statutes of the Racketeer Influenced and Corrupt Organizations Act.

1

Plaintiff also seeks redress for multiple claims brought under California state law.  Presently before the Court is a motion by Defendants PNC Mortgage and National City Mortgage (ECF No. 23), to dismiss Plaintiff's First Amended Complaint (ECF No. 21) for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Also before the court is Defendants' Motion to Strike portions of Plaintiff's First Amended Complaint (ECF No. 24).  Defendants' motions were filed on March 4, 2011.  Plaintiffs filed a timely opposition to Defendants' Motion to Dismiss on April 7, 2011 (ECF No. 25).  For the reasons set forth below, Defendants' Motion to Dismiss is granted and the Motion to Strike is denied as moot.[2]

**BACKGROUND[3]**

Plaintiff purchased a home and financed it though a loan obtained on or around September 1, 2006 from Defendant National City Mortgage.  At some point, Plaintiff attempted, and failed, to obtain a loan modification.  A Notice of Default was placed on the property in April 2010.  In September 2010, Defendant Cal-Western Reconveyance Corp. filed a Notice of Trustee Sale.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deems this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///

1 | Furthermore, "Rule 8(a)(2)... requires a showing, rather
2 | than a blanket assertion, of entitlement to relief." Twombly,
3 | 550 U.S. at 556 n.3 (internal citations and quotations omitted).
4 | Thus, "[w]ithout some factual allegation in the complaint, it is
5 | hard to see how a claimant could satisfy the requirements of
6 | providing not only 'fair notice' of the nature of the claim, but
7 | also 'grounds' on which the claim rests." Id. (citing 5 Charles
8 | Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading
9 | must contain "only enough facts to state a claim to relief that
10 | is plausible on its face." Id. at 570.  If the "plaintiffs . . .
11 | have not nudged their claims across the line from conceivable to
12 | plausible, their complaint must be dismissed." Id.  However,
13 | "[a] well-pleaded complaint may proceed even if it strikes a
14 | savvy judge that actual proof of those facts is improbable, and
15 | 'that a recovery is very remote and unlikely.'" Id. at 556
16 | (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

17 | A court granting a motion to dismiss a complaint must then
18 | decide whether to grant leave to amend.  Leave to amend should be
19 | "freely given" where there is no "undue delay, bad faith or
20 | dilatory motive on the part of the movant, . . . undue prejudice
21 | to the opposing party by virtue of allowance of the amendment,
22 | [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S.
23 | 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
24 | 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
25 | be considered when deciding whether to grant leave to amend).
26 | ///
27 | ///
28 | ///

4

Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Plaintiff alleges violations of state and federal law and requests relief accordingly.  The issue before the Court is not the substance of these various claims, but whether Plaintiffs have plead sufficient facts as a general matter.  While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory.  See supra.

///
///
///
///
///
///
///

5

**A.     Violation of HOEPA**

Plaintiff's first cause of action alleges that Defendants violated the Home Owners Equity Protection Act ("HOEPA"). HOEPA is a section of the Truth in Lending Act which contains specific disclosure requirements and minimum standards for residential mortgage loans. 15 U.S.C. § 1639 (2006). Violations of the disclosure requirements by a creditor give rise to a cause of action. Id. § 1640. For a plaintiff to collect civil damages from a defendant who failed to provide the disclosures mandated by HOEPA, the statute of limitations requires the plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. Id. § 1640(e). The "date of the occurrence" is the date the transaction is consummated, which, in the case of a mortgage loan, is the date that the plaintiff closed on the loan. See Walker v. Wash. Mut. Bank FA, 63 F. App'x 316, 317 (9th Cir. 2003).

A statute of limitations is subject to equitable tolling "if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)(citing Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)). Furthermore, "[e]quitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"
///

6

1  O'Donnell v. Vencor, Inc., 456 F.3d 1063, 1068 (9th Cir.
2  2006)(quoting Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89,
3  96 (1990)).

4      In the present case, Plaintiff alleges that Defendants
5  violated HOEPA by failing to make certain disclosures three days
6  prior to the loan's closing, and by extending credit to Plaintiff
7  "without regard" to his ability to pay it back.  (Pls. 1st Am.
8  Compl. 15:1-11, ECF No. 21.)  Plaintiff closed on his loan on or
9  around September 1, 2006.  (Id. at 8:21, ECF No. 21.)  Therefore,
10 September 1, 2006, is the date of the occurrence of the alleged
11 HOEPA violation, and the statute of limitations for Plaintiff's
12 claim expired on September 1, 2007.  However, Plaintiff did not
13 assert a claim for civil damages until October 12, 2010, far
14 after the statute of limitations expired.  Plaintiff argues that
15 because he first learned of Defendants' alleged violations of
16 HOEPA in May 2010, the applicable statute of limitations should
17 run from this date.  (Pls. 1st Am. Compl. 18:3-5, ECF No. 21.)
18 Plaintiff has failed to plead any facts that establish that he
19 exercised due diligence to discover the Defendants' alleged
20 violations of HOEPA sufficient to equitably toll the claims.
21 Furthermore, Plaintiff has failed to plead facts sufficient to
22 establish that Defendants "induced or tricked" Plaintiff into
23 allowing the statute of limitations to pass.  O'Donnell, 456 F.3d
24 at 1068.  The Court, therefore, declines to toll the statute of
25 limitations, and Defendants' Motion to Dismiss Plaintiff's HOEPA
26 claim is granted.
27 ///
28 ///

1 **B.   Violation of RESPA**

3    Plaintiff's second cause of action asserts that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). RESPA was enacted to reform the real estate settlement process and to protect consumers from abusive practices by creditors. 12 U.S.C. § 2601(a). RESPA contains certain disclosure requirements and eliminates "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." Id. §§ 2601(b)(1)-(2), 2607. The statute of limitations for bringing a private suit alleging a violation of § 2607 is one year "from the date of the occurrence of the violation." Id. § 2614.

    As set forth above, a court may equitably toll a statute of limitations if a plaintiff has exercised all due diligence, and yet is unable to obtain vital information bearing on the existence of his claim. Santa Maria, 202 F.3d at 1178 (internal citations omitted).

    In this case, Plaintiff alleges that Defendants violated RESPA by accepting charges "for the rendering of real estate services which were in fact charges for other than services actually performed." (Pls. 1st. Am. Compl. 18:14, ECF No. 21.) The "date of the occurrence" in Plaintiff's case is September 1, 2006, and the statute of limitations expired in September 2007. Plaintiff did not assert this cause of action until October 2010.

///
///
///

8

Plaintiff again claims that because he "first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon him in May of 2010," the statute of limitations should run from this date. (Pls. 1st Am. Compl. 18:19-21, ECF No. 21.)  However, Plaintiff has failed to allege any facts establishing that he exercised all due diligence necessary to bring the RESPA claim within the statute of limitations.  As such, Plaintiff's RESPA claim is time-barred, and Defendants' Motion to Dismiss is granted as to this cause of action.

### C.   **Violations of TILA**

Plaintiff's third cause of action asserts that Defendants violated the Truth in Lending Act ("TILA") and Regulation Z, a Federal Reserve regulation implementing TILA.  Both TILA and Regulation Z contain specific disclosure requirements that give rise to a cause of action if violated by the creditor.  15 U.S.C. § 1638(a)-(c).  TILA requires creditors to make certain disclosures to borrowers.  See generally id. §§ 1601-1667f.  TILA includes a provision which allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security.  Id. § 1635(a).  If the lender has not complied with TILA's disclosure requirements, the rescission period is extended to three years.  Id. § 1635(f).
///
///
///

9

For a plaintiff to collect civil damages from a defendant who failed to provide the disclosures mandated by TILA, the plaintiff must file suit within one year from the "date of occurrence" of the alleged violation. Id. § 1640(e).

Here, Plaintiff alleges that Defendants improperly disclosed financial charges in violation of TILA and Regulation Z. (Pls. 1st Am. Compl. 19:1, ECF No. 21.) Plaintiff is time-barred from asserting civil damages under 15 U.S.C. § 1640, as Plaintiff's case was filed more than one year after the date of the occurrence. Plaintiff again argues that because Plaintiff first learned of Defendants' alleged violations of TILA in May 2004, the statute of limitations should run from this date. (Id. at 18:3.) However, Plaintiff has failed to plead facts sufficient to show that Plaintiff exercised all due diligence in order to bring this claim before the statute of limitations expired. Accordingly, this Court declines to equitably toll the statute of limitations for Plaintiff's TILA claim. Plaintiff's TILA claim is therefore time-barred and Defendants' Motion to Dismiss is granted as to this cause of action.

**D.  Violations of the FCRA**

As Plaintiff's fourth cause of action, Plaintiff asserts that Defendants violated the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681. The FCRA was enacted to ensure the accuracy and fairness of credit reporting. Id. § 1681(a).

///
///

10

1  Specifically, the statute is designed to require consumer
2  reporting agencies to "adopt reasonable procedures for meeting
3  the needs of commerce for consumer credit." Id. § 1681(b).
4  Section 1681s states that companies shall not furnish information
5  about a consumer to a credit reporting agency if they have reason
6  to know, or do know, that the information is false. Id. § 1681s-
7  2(a)-(b). However, the FCRA additionally requires that a
8  plaintiff plead violations of the statute within two years of the
9  date of the discovery, or within five years of the date "on which
10 the violation that is the basis for such liability occurs." Id.
11 § 1681p.

12      Plaintiff states that Defendants refused to give him an
13 opportunity to cooperate in resolving his debt, in violation of
14 § 1681(b). (Pls. 1st Am. Compl. 13:24-28, ECF No. 21.) However,
15 Plaintiff has failed to plead facts indicating that Defendants
16 alone furnished the information that negatively impacted
17 Plaintiff's credit,[4] that any information that Defendants did
18 submit was false, or that Defendants knew or believed such
19 information was false at the time they submitted it. In
20 addition, viewing the facts in the light most favorable to the
21 Plaintiff, the facts as pled neglect to provide the court with
22 sufficient information to determine whether the allegations
23 comport with the FCRA's statute of limitations. Plaintiff has
24 thus failed to "raise a right to relief above the speculative
25 level." Twombly, 550 U.S. at 555. Accordingly, Defendants'
26 Motion to Dismiss Plaintiff's FCRA claim is granted.

27 ───────────
28     [4] A myriad of factors can affect a credit rating, including, for example, repeatedly applying for a home loan modification.

11

**E.   Civil RICO Violations**

Plaintiff's ninth cause of action asserts that Defendants have violated the civil Racketeer Influenced and Corrupt Organizations ("RICO") statutes through committing violations of federal law involving mortgage lending, bank regulations and consumer credits, as well as mail fraud and bank fraud. Liability under the civil RICO statutes requires the conduct of an enterprise through a pattern of racketeering activity. Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004)(quoting Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987)).  Racketeering activity includes any act which is indictable under certain provisions of Title 18 of the United States Code.  See  18 U.S.C. § 1961(1)(b).

To properly plead a RICO violation for civil damages, a plaintiff must show that the defendants, through two or more acts constituting a pattern, participated in an activity affecting interstate commerce. Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010).  The statute of limitations for civil RICO violations is four years. Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001) (internal citations omitted).  The Ninth Circuit has held that the injury discovery statute of limitations rule applies to civil RICO claims. Id. at 1109 (citing Grimmett v. Brown, 75 F.3d 506, 511 (9th Cir. 1996)).  Under the injury discovery rule, "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." Id. (quoting Grimmett, 75 F.3d at 510).

12

The heightened pleading requirements of Rule 9(b) apply to civil RICO fraud claims. Mostowfi v. 12 Telecom Int'l, Inc., 269 F. App'x 621, 623 (9th Cir. 2008)(citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). In addition, Rule 9(b) "may apply to claims-- that although lacking fraud as an element-- are 'grounded' or 'sound' in fraud." Id. (quoting Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003)). A claim is "grounded in fraud" when it alleges a uniform course of fraudulent conduct. Mostowfi, 269 F. App'x at 623. Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Ninth Circuit has held that "to avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards, 356 F.3d at 1066 (quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989)).

In the present case, Plaintiff has failed to "state[] with particularity the circumstances constituting fraud . . ." and has therefore failed to meet the heightened pleading requirements of Rule 9(b). Plaintiff's claim is grounded in fraud, as Plaintiff alleges that Defendants engaged in a pattern of racketeering activity, with the objective of perpetrating fraud. (Pls. 1st Am. Compl. 24:3, 23:26, ECF No. 21.)

///
///
///

However, Plaintiff makes only vague statements that "during the pertinent time in question, all Defendants did cooperate jointly and severally in the commission of two or more of the RICO predicate acts that are itemized in the RICO laws . . . ." (Id. at 24:24-27, ECF No. 21.)  Plaintiff fails to plead the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards, 356 F.3d at 1066.  Plaintiffs' pleadings are little more than a "formulaic recitation of the elements of [the] cause of action," and are therefore insufficient to "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

Even assuming that Plaintiff had met the heightened pleading requirements of Rule 9(b), Plaintiff has nonetheless failed to plead facts sufficient to toll the statute of limitations for the civil RICO statute.  Plaintiff alleges only that he "first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon him in May of 2010."  (Pls. 1st Am. Compl. 26:1-3, ECF No. 21.)  The facts as pled fail to provide the Court with sufficient information to determine whether the allegations comport with the statute of limitations for the civil RICO statutes.  Furthermore, Plaintiff has again failed to plead facts sufficient to show that Plaintiff exercised all due diligence in order to bring this claim before the statute of limitations expired.  Accordingly, Defendants' Motion to Dismiss Plaintiff's RICO claim is granted.

///
///
///

1     **F.     Plaintiff's Remaining Causes of Action**

     Plaintiff's federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action.  The Court need not address the merits of the Motion to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

                              **CONCLUSION**

     As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 23) Plaintiff's First Amended Complaint (ECF No. 21) is GRANTED with leave to amend. Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty- (20) day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

     IT IS SO ORDERED.

Dated: June 7, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

15