UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PHILLIP McANELLY,                          No. 2:10-cv-02754-MCE-GGH

      Plaintiff,

  v.                                       <u>MEMORANDUM AND ORDER</u>

PNC MORTGAGE, a division of
PNC BANK, N.A., NATIONAL CITY
MORTGAGE, a division of
NATIONAL CITY BANK, BANK OF
AMERICA, CAL-WESTERN
RECONVEYANCE CORPORATION, and
DOES 1-100, inclusive.

      Defendants.

               ----oo0oo----

Through this action, Plaintiff Phillip McAnelly ("Plaintiff") seeks redress from Defendants PNC Mortgage and National City Mortgage, Bank of America, and Cal-Western Reconveyance Corp ("Defendants") based on alleged violations of the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Credit Reporting Act, and civil statutes of the Racketeer Influenced and Corrupt Organizations Act.

///

1

Plaintiff also seeks redress for corollary state law claims under California law.  Presently before the Court is a Motion by Defendants PNC Mortgage and National City Mortgage (ECF No. 39), to dismiss Plaintiff's Second Amended Complaint ("SAC") (ECF No. 33) for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Also before the Court is Defendants' Motion to Strike portions of Plaintiff's First Amended Complaint. (ECF No. 40.)  Defendants' Motions were filed on March 4, 2011.  Plaintiff filed a timely opposition to Defendants' Motion to Dismiss on August 23, 2011. (ECF No. 44.)  Plaintiff, by stipulation of the parties, filed an amended opposition on August 26, 2011. (ECF No. 49.)  For the reasons set forth below, Defendants' motion to dismiss is granted and the motion to strike is denied as moot.[2]

## BACKGROUND[3]

Plaintiff purchased a home and financed it though a loan obtained on or around September 1, 2006, from Defendant National City Mortgage.  At some point, Plaintiff attempted, and failed, to obtain a loan modification.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deems this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

A Notice of Default was placed on the property in April 2010.  In
September 2010, Defendant Cal-Western Reconveyance Corporation
filed a Notice of Trustee Sale.  The Court dismissed Plaintiff's
original complaint for failure to state a claim upon which relief
could be granted on February 1, 2011. (ECF No. 20.)  The Court
dismissed Plaintiff's First Amended Complaint for the same reason
on June 8, 2011.  (ECF No. 32.)

**STANDARD**

On a motion to dismiss for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6), all allegations of
material fact must be accepted as true and construed in the light
most favorable to the nonmoving party.  Cahill v. Liberty Mut.
Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)
requires only "a short and plain statement of the claim showing
that the pleader is entitled to relief" in order to "give the
defendant fair notice of what the [. . .] claim is and the
grounds upon which it rests." Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to
dismiss does not require detailed factual allegations.  However,
"a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action
will not do." Id. (internal citations and quotations omitted).
A court is not required to accept as true a "legal conclusion
couched as a factual allegation."

3

1  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly,
2  550 U.S. at 555).  "Factual allegations must be enough to raise a
3  right to relief above the speculative level."  Twombly, 550 U.S.
4  at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal
5  Practice and Procedure § 1216 (3d ed. 2004) (stating that the
6  pleading must contain something more than "a statement of facts
7  that merely creates a suspicion [of] a legally cognizable right
8  of action.")).

9      Furthermore, "Rule 8(a)(2). . . requires a showing, rather
10  than a blanket assertion, of entitlement to relief."  Twombly,
11  550 U.S. at 556 n.3 (internal citations and quotations omitted).
12  Thus, "[w]ithout some factual allegation in the complaint, it is
13  hard to see how a claimant could satisfy the requirements of
14  providing not only 'fair notice' of the nature of the claim, but
15  also 'grounds' on which the claim rests."  Id. (citing 5 Charles
16  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading
17  must contain "only enough facts to state a claim to relief that
18  is plausible on its face."  Id. at 570.  If the "plaintiffs . . .
19  have not nudged their claims across the line from conceivable to
20  plausible, their complaint must be dismissed."  Id.  However,
21  "[a] well-pleaded complaint may proceed even if it strikes a
22  savvy judge that actual proof of those facts is improbable, and
23  'that a recovery is very remote and unlikely.'"  Id. at 556
24  (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
25  ///
26  ///
27  ///
28  ///

1    A court granting a motion to dismiss a complaint must then
2  decide whether to grant leave to amend.  Leave to amend should be
3  "freely given" where there is no "undue delay, bad faith or
4  dilatory motive on the part of the movant, . . . undue prejudice
5  to the opposing party by virtue of allowance of the amendment,
6  [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S.
7  178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
8  1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
9  be considered when deciding whether to grant leave to amend).
10 Not all of these factors merit equal weight.  Rather, "the
11 consideration of prejudice to the opposing party . . . carries
12 the greatest weight."  Id. (citing DCD Programs, Ltd. v.
13 Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without
14 leave to amend is proper only if it is clear that "the complaint
15 could not be saved by any amendment."  Intri-Plex Techs. v. Crest
16 Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re
17 Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon
18 Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
19 1989) ("Leave need not be granted where the amendment of the
20 complaint . . . constitutes an exercise in futility . . . .")).

21
22                            **ANALYSIS**
23

24    In his SAC, Plaintiff makes minor, non-substantive
25 alterations regarding his various federal claims and his
26 assertion that the statute of limitations should be equitably
27 tolled.  As stated above, Plaintiff alleges various violations of
28 state and federal law and requests relief accordingly.

The issue before the Court is not the substance of these various claims, but whether Plaintiffs have plead sufficient facts as a general matter.  While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory.  <u>See</u> <u>supra</u>.  Plaintiff has filed a ten-page opposition to Defendants' motion, maintaining that his SAC cures the defects pointed out by the court in its previous order.  (ECF No. 32.)  Specifically, Plaintiff contends that he has added ample factual allegations to state a claim sufficiently plausible to withstand a Rule 12(b)(6) motion to dismiss.

### A.    Violation of RESPA

Plaintiff's second cause of action asserts that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). RESPA was enacted to reform the real estate settlement process and to protect consumers from abusive practices by creditors. 12 U.S.C. § 2601(a).  RESPA contains certain disclosure requirements and eliminates "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services."  <u>Id.</u> §§ 2601(b)(1)-(2), 2607.  The statute of limitations for bringing a private suit alleging a violation of § 2607 is one year "from the date of the occurrence of the violation."  <u>Id.</u> § 2614.

///

///

///

1    A statute of limitations is subject to equitable tolling
2  "if, despite all due diligence, a plaintiff is unable to obtain
3  vital information bearing on the existence of his claim." Santa
4  Maria v. Pac. Bell, 202 F.3d 1170 1178 (9th Cir. 2000) (internal
5  citations omitted) (citing Holmberg v. Armbrecht, 327 U.S. 392,
6  397 (1946).  Furthermore, "[e]quitable tolling is generally
7  applied in situations 'where the claimant has actively pursued
8  his judicial remedies by filing a defective pleading during the
9  statutory period, or where the complainant has been induced or
10 tricked by his adversary's misconduct into allowing the filing
11 deadline to pass.'" O'Donnell v. Vencor, Inc., 456 F.3d 1063,
12 1068 (9th Cir. 2006) (quoting Irwin v. Dep't. of Veterans
13 Affairs, 498 U.S. 89, 96 (1990)).

14   In this case, Plaintiff alleges that Defendants violated
15 RESPA by accepting charges "for the rendering of real estate
16 services which were in fact charges for other than services
17 actually performed." (SAC ¶ 72.)  The "date of the occurrence" in
18 Plaintiff's case is September 1, 2006, and the statute of
19 limitations expired in September 2007.  Plaintiff did not assert
20 this cause of action until October 2010.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7

1   Plaintiff again claims that because he "first learned of the
2   actions of Defendants, including their failure to disclose and
3   the fraud committed upon him in May of 2010," the statute of
4   limitations should run from this date.[4]  (Id. ¶ 76.)  In
5   Plaintiff's SAC, he adds the following sentence to bolster his
6   contention that the statute of limitations should be equitably
7   tolled:  "Plaintiff could not have learned of these violations at
8   the time the loan was obtained by looking at his loan documents
9   and escrow closing statements as the true facts of the lender and
10  the securitization of their note and deed of trust and the fees
11  attached thereto, which was undisclosed to him are not apparent
12  from the face of the loan documents, nor deed of trust."  (Id.)

13      Plaintiff, however, has again failed to allege any facts
14  establishing that he exercised all due diligence necessary to
15  bring the RESPA claim within the statute of limitations.
16  Plaintiff's contention that he exercised due diligence merely
17  because "the true facts of the lender and securitization" could
18  not be discerned from the loan documents is a non-sequitur.

19

20      [4] Plaintiff also asserts the argument that the statute of
    limitations should be tolled because Plaintiff is a lay person
21  with "no experience in investment banking, securities dealing,
    mortgage lending or mortgage brokerage," and thus, "would not
22  have been able to discover Defendant's actions within the
    perspective limitations statute."  (Pl.'s Opp'n [ECF No. 44] at
23  3:25-4:3.)  Moreover, and in addition to the arguments set forth
    above, Plaintiff contends that the statute should be tolled
24  because whereas "Plaintiff is a lay person[], not trained in law
    [and] Defendant is a big corporation[], [it] should be prevented
25  from asserting a technical defense of 'he should have found out
    sooner'" (Id. at 5:5-8.)  Such an analysis, however, would be
26  inimical to the entire purpose behind statutes of limitation.
    Indeed, were the Court to accept Plaintiff's proposition,
27  statutes of limitation would only apply to professional with
    ample knowledge in the subject matter underlying the claims put
28  forth.  Such a conclusion would make statutes of limitations
    essentially toothless.

Even if, as Plaintiff asserts — in conclusive fashion — that
his allegations were undiscoverable from the loan documents, it
does not follow that he exercised all diligence to investigate
his claim prior to the running of the statute.  Indeed, in
Plaintiff's own complaint, he explains that "a servicer has a
duty to respond to borrower inquiries" set forth in a qualified
written request; Plaintiff, however, fails to allege that he ever
served upon defendants a qualified written request for
information regarding "[d]isclosure to applicant relating to
assignment, sale, or transfer of loan servicing."  (SAC ¶¶ 71,
73.)  The short of it is that plaintiff, on his third attempt,
has failed to demonstrate that he exercised the required due
diligence necessary to invoke the doctrine of equitable tolling.
As such, Plaintiff's RESPA claim is time-barred, and Defendants'
Motion to Dismiss is granted as to this claim.

## B.  Violations of TILA

Plaintiff's first claim asserts that Defendants violated the
Truth in Lending Act ("TILA") and Regulation Z, a Federal Reserve
regulation implementing TILA.  Both TILA and Regulation Z contain
specific disclosure requirements that give rise to a claim if
violated by the creditor.  15 U.S.C. § 1638(a)-(c).  TILA
requires creditors to make certain disclosures to borrowers.  See
generally id. §§ 1601-1667f.  TILA includes a provision which
allows borrowers three business days to rescind, without penalty,
a consumer loan that uses their principal dwelling as security.
Id. § 1635(a).

1   If the lender has not complied with TILA's disclosure

2   requirements, the rescission period is extended to three years.

3   Id. § 1635(f).  For a plaintiff to collect civil damages from a

4   defendant who failed to provide the disclosures mandated by TILA,

5   the plaintiff must file suit within one year from the "date of

6   occurrence" of the alleged violation.  Id. § 1640(e).

7       Here, Plaintiff alleges that Defendants improperly disclosed

8   financial charges in violation of TILA and Regulation Z.  (SAC

9   ¶ 63.)  Plaintiff is time-barred from asserting civil damages

10  under 15 U.S.C. § 1640, as Plaintiff's case was filed more than

11  one year after the date of the occurrence.  Plaintiff again

12  argues that because Plaintiff first learned of Defendants'

13  alleged violations of TILA in May 2004, the statute of

14  limitations should run from this date.  (Id.)  However, Plaintiff

15  has failed to plead facts sufficient to show that Plaintiff

16  exercised all due diligence in order to bring this claim before

17  the statute of limitations expired.  Specifically, Plaintiff

18  forwards the same argument in support of equitable tolling of her

19  RESPA claim — that Plaintiff could not have learned of the

20  alleged violation from a review of the loan documents.

21  Plaintiff's argument in this regard fails for the same reasons as

22  stated in Section A, supra.  Accordingly, this Court declines to

23  equitably toll the statute of limitations for Plaintiff's TILA

24  claim.  Plaintiff's TILA claim is therefore time-barred and

25  Defendants' Motion to Dismiss is granted as to this claim.

26  ///

27  ///

28  ///

**C.    Violations of the FCRA**

As Plaintiff's third claim, he asserts that Defendants violated the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681. The FCRA was enacted to ensure the accuracy and fairness of credit reporting. <u>Id.</u> § 1681(a). Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit." <u>Id.</u> § 1681(b). Section 1681s states that companies shall not furnish information about a consumer to a credit reporting agency if they have reason to know, or do know, that the information is false. <u>Id.</u> § 1681s-2(a)-(b). However, the FCRA additionally requires that a plaintiff plead violations of the statute within two years of the date of the discovery, or within five years of the date "on which the violation that is the basis for such liability occurs." <u>Id.</u> § 1681p.

Plaintiff states that Defendants "wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more credit reporting agencies." (SAC ¶ 83.) However, Plaintiff has failed to plead facts indicating that Defendants alone furnished the information that negatively impacted Plaintiff's credit[5] or that Defendants knew or believed such information was false at the time they submitted it.

///

///

///

---

[5] A myriad of factors can affect a credit rating, including, for example, repeatedly applying for a home loan modification.

1    In addition, viewing the facts in the light most favorable
2  to the Plaintiff, the facts as pled neglect to provide the Court
3  with sufficient information to determine whether the allegations
4  comport with the FCRA's statute of limitations.  Specifically,
5  Plaintiff has failed to specify the date upon which the allegedly
6  false and negative reporting occurred.  Plaintiff has thus, for
7  the third time, failed to "raise a right to relief above the
8  speculative level."  Twombly, 550 U.S. at 555.  Accordingly,
9  Defendants' Motion to Dismiss Plaintiff's FCRA claim is granted.

10

11    **D.   Civil RICO Violations**

12

13    Plaintiff's sixth claim asserts that Defendants have
14  violated the civil Racketeer Influenced and Corrupt Organizations
15  ("RICO") statutes through committing violations of federal law
16  involving mortgage lending, bank regulations and consumer
17  credits, as well as mail fraud and bank fraud.  Liability under
18  the civil RICO statutes requires the conduct of an enterprise
19  through a pattern of racketeering activity.  Miller v. Yokohama
20  Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004) (quoting Sun Sav. &
21  Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987)).
22  Racketeering activity includes any act which is indictable under
23  certain provisions of Title 18 of the United States Code.  See
24  18 U.S.C. § 1961(1)(b).
25    To properly plead a RICO violation for civil damages, a
26  plaintiff must show that the defendants, through two or more acts
27  constituting a pattern, participated in an activity affecting
28  interstate commerce.

1  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 557 (9th Cir. 2010).

2  The statute of limitations for civil RICO violations is four

3  years.  <u>Pincay v. Andrews</u>, 238 F.3d 1106, 1108 (9th Cir. 2001).

4  The Ninth Circuit has held that the injury discovery statute of

5  limitations rule applies to civil RICO claims.  <u>Id.</u> at 1109

6  (<u>citing</u> <u>Grimmett v. Brown</u>, 75 F.3d 506, 511 (9th Cir. 1996)).

7  Under the injury discovery rule, "the civil RICO limitations

8  period begins to run when a plaintiff knows or should know of the

9  injury that underlies his claim."  <u>Id.</u> (<u>quoting</u> <u>Grimmett</u>, 75 F.3d

10 at 510).

11     The heightened pleading requirements of Rule 9(b) apply to

12 civil RICO fraud claims.  <u>Mostowfi v. 12 Telecom Int'l, Inc.</u>,

13 269 F. App'x 621, 623 (9th Cir. 2008) (<u>citing</u> <u>Edwards v. Marin</u>

14 <u>Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)).  In addition,

15 Rule 9(b) "may apply to claims — that although lacking fraud as

16 an element — are 'grounded' or 'sound' in fraud."  <u>Id.</u> (<u>quoting</u>

17 <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-04 (9th Cir.

18 2003)).  A claim is "grounded in fraud" when it alleges a uniform

19 course of fraudulent conduct.  <u>Mostowfi</u>, 269 F. App'x at 623.

20 Rule 9(b) requires that when "alleging fraud or mistake, a party

21 must state with particularity the circumstances constituting

22 fraud or mistake."  The Ninth Circuit has held that "to avoid

23 dismissal for inadequacy under Rule 9(b), [the] complaint would

24 need to state the time, place, and specific content of the false

25 representations as well as the identities of the parties to the

26 misrepresentation."  <u>Edwards</u>, 356 F.3d at 1066 (<u>quoting</u> <u>Alan</u>

27 <u>Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir.

28 1989)).

13

In the RICO context, "allegations of fraud under section 1692(c) must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." <u>Schreiber Distributing Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

In the present case, Plaintiff has failed to "state[] with particularity the circumstances constituting fraud . . ." and has therefore failed to meet the heightened pleading requirements of Rule 9(b).  Plaintiff's claim is grounded in fraud, as Plaintiff alleges that Defendants engaged in a pattern of racketeering activity, with the objective of perpetrating fraud.  (SAC ¶ 98.)

However, Plaintiff makes only vague statements that Defendants "did, each, act wrongfully to take or attempt to take and to deprive him of his property, knowing that he [sic], without his knowledge converted his note and deed of trust to Mortgage Backed Security, to charge him for insurance and other forms of credit enhancement."  (<u>Id.</u> ¶ 101.)  Such amorphous allegations, however, are insufficient to overcome the heightened pleading requirement.  For example, Plaintiff fails to specifically describe the time and manner of each fraud, and more importantly, "the role of each defendant in each scheme." <u>Schreiber</u>, 806 F.2d at 1401.

///

///

///

///

///

///

14

1    In a similar case, <u>Walters v. Fidelity Mortg. of CA.</u>, 730 F.

2  Supp. 2d 1185, 1208 (E.D. Cal 2010), Plaintiff asserted a RICO

3  claim against a number of defendants alleging that Defendant "has

4  conducted a mortgage foreclosure enterprise in which the other

5  defendants cooperate and assist in [defendant's] plan to generate

6  unlawful fees and charges and to foreclose on properties where

7  the owners have substantial equity, through fraudulent billings

8  and charges and other fraudulent conduct."  <u>Id.</u> at 1211.  In

9  <u>Walters</u>, this court held that such allegations were not

10  sufficiently plausible to survive a motion to dismiss.

11    Similarly here, Plaintiff's allegations that "Defendants'

12  actions and use of multiple corporate entities, multiple parties,

13  and concerted and predetermined acts and conduct specifically

14  designed to defraud plaintiff constitute an 'enterprise,' with

15  the aim and objective of the enterprise being to perpetuate a

16  fraud . . . through the use of intentional nondisclosure, fraud,

17  and creation of fraudulent loan documents" simply do not suffice

18  to withstand Rule 9(b)'s heightened pleading requirements.  In

19  other words, Plaintiff simply has not sufficiently tethered the

20  specific conduct falling within RICO to the specific defendants

21  in order to demonstrate a plausible claim.  Plaintiffs' pleadings

22  are little more than a "formulaic recitation of the elements of

23  [the] claim," and are therefore insufficient to "raise a right to

24  relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

25  ///

26  ///

27  ///

28  ///

1   Even assuming that Plaintiff had met the heightened pleading

2   requirements of Rule 9(b), Plaintiff has nonetheless failed to

3   plead facts sufficient to toll the statute of limitations for the

4   civil RICO statute.  Plaintiff alleges only that he "first

5   learned of the actions of Defendants, including their failure to

6   disclose and the fraud committed upon him in May of 2010."  (SAC

7   ¶ 112.)  The facts as pled fail to provide the Court with

8   sufficient information to determine whether the allegations

9   comport with the statute of limitations for the civil RICO

10  statutes.  Specifically, Plaintiff has failed to provide the

11  court with the specific time period upon which the alleged

12  violations occurred.  Furthermore, Plaintiff has again failed to

13  plead facts sufficient to show that Plaintiff exercised all due

14  diligence in order to bring this claim before the statute of

15  limitations expired.  Accordingly, Defendants' Motion to Dismiss

16  Plaintiff's RICO claim is granted.

17

18          **E.    Leave to Amend**

19

20      Plaintiff asks that should the Court grant defendants'

21  motions to dismiss, the Court give Plaintiff the opportunity to

22  amend his complaint.  "Valid reasons for denying leave to amend

23  include undue delay, bad faith, prejudice, and futility."  <u>Cal.</u>

24  <u>Architectural Building Prods. v. Franciscan Ceramics</u>, 818 F.2d

25  1466, 1472 (9th Cir. 1988).  While leave to amend must be freely

26  given, the court is not required to allow futile amendments.

27  ///

28  ///

16

1  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d

2  1276, 1293 (9th Cir. 1983); see also Reddy v. Litton Indus.,

3  Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E.

4  & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

5       In this case, the Court has provided Plaintiff two separate

6  opportunities to amend his claims based on RESPA, TILA, the FCRA

7  and RICO to either demonstrate (1) that there are sufficient

8  facts to state a plausible claim for relief or (2) to state that

9  the claims are not time-barred by the applicable statute of

10  limitations.  Thus, Plaintiff has had three opportunities to file

11  a complaint that alleges facts supporting a claim sufficiently

12  cognizable to survive a motion to dismiss pursuant to

13  Rule 12(b)(6).  At this juncture, it is evident that any future

14  amendment would be futile.  To this end, the aforementioned

15  claims are dismissed without prejudice.

16

17       **F.   Plaintiff's Remaining Causes of Action**

18

19       Plaintiff's federal claims presently dismissed, the Court

20  declines to exercise supplemental jurisdiction over the remaining

21  state law causes of action.  The Court need not address the

22  merits of the motion to dismiss with respect to the remaining

23  state law causes of action, as those issues are now moot.

24  ///

25  ///

26  ///

27  ///

28  ///

17

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 39) Plaintiff's Second Amended Complaint (ECF No. 33) is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: December 15, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

18